**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **FREDERICK BURRELL** § | |
| § | |
| **V.** § | **A-16-CA-546-SS** |
| § | |
| **LORIE DAVIS**, Director, Texas § | |
| Dept. of Criminal Justice-Correctional § | |
| Institutions Division § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1), Petitioner's Theory of Facts (Document 7), Respondent's Answer (Document 11), and Petitioner's responses (Documents 16-18). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.   Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 351st Judicial District Court of Brazos County, Texas in cause number 14-00538-CRF-361. Petitioner pleaded guilty to the offense of assault of a family or

household member, and was sentenced to four years' imprisonment on September 11, 2015. Petitioner does not challenge his holding conviction. Rather, Petitioner challenges his ineligibility for mandatory supervision.

**B.    Grounds for Relief**

In his application for habeas corpus relief (Document 1) Petitioner's claims are as follows:

1. He is being unlawfully denied release to mandatory supervision;

2. His ineligibility for mandatory supervision is a violation of the prohibition against Double Jeopardy; and

3. If TDCJ and BPP are basing their mandatory supervision decision on his prior aggravated robbery conviction, then the law at the time he committed aggravated robbery should control for the timing of his parole review.

After filing his application for habeas corpus relief, Petitioner filed a "Theory of Facts" (Document 7). In this pleading Petitioner additionally claims:

4. His ineligibility for mandatory supervision constitutes cruel and unusual punishment;

5. He is being denied Equal Protection since his work credits are not being used to determine his mandatory supervision release, he should be paid for his work like in the federal prison system;

6. He is being held in slavery because his good time and work credit is not being counted towards his release;

7. The failure to count his good time and work credit towards his release violates Texas labor laws; and

8. TDCJ has committed fraud by falsifying his time sheet by including his good time and work credit.

**C.    Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner exhausted his state court remedies regarding the claims brought in Petitioner's federal application. A review of the state court records submitted by

2

Respondent shows that Petitioner has properly raised these claims in previous state court proceedings. However, Respondent asserts that Petitioner has not exhausted his state court remedies with respect to the claims Petitioner makes in this "Theory of Facts." A review of the state court records shows Petitioner did not raise these claims in previous state court proceedings. Accordingly, Respondent argues the claims raised in Petitioner's "Theory of Facts" are procedurally barred.

## DISCUSSION AND ANALYSIS

### A.   Unexhausted Claims

Petitioner has not exhausted his claims raised in his "Theory of Facts," claims 4-8. Petitioner's unexhausted claims are procedurally barred. A subsequent state application for habeas corpus on Petitioner's unexhausted issues would be futile as they would be dismissed pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 as an abuse of the writ. When a state court decision rests on a state law ground that is independent of a federal question and adequate to support the judgment, federal courts lack jurisdiction to review the merits of the case. Coleman v. Thompson, 501 U.S. 722, 729 (1991). In order for a claim of procedural default to preclude federal review of a habeas petitioner's claim, the last state court issuing a reasoned decision must have clearly and unequivocally relied upon the procedural default as an independent and adequate ground for denying relief. Harris v. Reed, 489 U.S. 255, 262 (1989). Additionally, even though a claim has not been reviewed by the state courts, this Court may find that claim to be procedurally barred. Coleman, 501 U.S. at 735. The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. Id. at n.1. However, a petitioner can still obtain

federal habeas review on a claim denied by the state court on the grounds of procedural default if he can show cause and actual prejudice for his procedural default or that a failure to address the merits of the federal claim would result in a miscarriage of justice. Moore v. Roberts, 83 F.3d 699, 702 (5th Cir. 1996), citing Coleman, 501 U.S. at 750, cert. denied, 519 U.S. 1093 (1997).

Petitioner has failed to show cause and actual prejudice for his procedural default and has made no showing that a failure to address the merits of the federal claims would result in a miscarriage of justice. Therefore, Petitioner is barred from raising his unexhausted claims.[1]

**B.    Exhausted Claims**

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. See Harrington v. Richter, 562 U.S. 86, 97–100 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1] The Court notes that even if they were not barred, Petitioner's unexhausted claims are frivolous. As explained below, Petitioner is not eligible for release on mandatory supervision.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington, 562 U.S. at 98.

One of the issues Harrington resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." Id. Following all of the Courts of Appeals' decisions on this question, Harrington concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." Id. (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." Id. (citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." Id. And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." Id.

As Harrington noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. Id. at 100 (citing 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the

relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

Id. at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. Id.

    1.    Mandatory Supervision

"Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T. CODE § 508.001(5). Eligibility for mandatory supervision is governed by the law in effect at the time the holding offense was committed. Ex parte Thompson, 173 S.W.3d 458, 459 (Tex. Crim. App. 2005).

Petitioner committed his holding offense of assault of a family or household member on October 28, 2013. The applicable mandatory supervision statute in effect at the time Petitioner

6

committed the offense of assault of a family or household member provided "[a] prisoner may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of . . . an offense for which the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, Code of Criminal Procedure." TEX. GOV'T CODE ANN. § 508.149(a)(1) (West 2013). The applicable section of the Texas Code of Criminal Procedure applies to findings that a deadly weapon was used in the commission of a felony. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(2) (West 2013). As part of Petitioner's guilty plea to the offense of assault of a family or household member, he also pleaded true to the enhancement paragraph in the indictment, which stated that he had been previously convicted of aggravated robbery with a deadly weapon. Because Petitioner was previously convicted of a felony offense with an affirmative deadly weapon finding, he is not eligible for release to mandatory supervision.

The failure to release Petitioner prior to the expiration of his sentence also does not implicate the Double Jeopardy Clause. The Double Jeopardy Clause of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. AMEND. V. This clause protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. As a matter of state law, good time and work time credits apply only to eligibility for parole or mandatory supervision and do not actually reduce, extend, or otherwise have any effect on the length of sentence imposed on an inmate. See Ex parte Hallmark, 883 S.W.2d 672, 674 (Tex. Crim. App.1994); TEX. GOV'T CODE ANN. § 498.003(a) (Vernon 2004). As a result, Petitioner has not

been subjected to multiple punishments for the same offense. He is only serving his sentence for assault of a family or household member. He has no double jeopardy claim.

    2.    <u>Parole</u>

Petitioner claims he should be considered for parole based on the parole laws in effect at the time he committed his previous offense of aggravated assault. Petitioner's claim is frivolous. Petitioner is currently serving a sentence for assault of a family or household member, not aggravated assault. His parole eligibility is determined by the laws in effect at the time he committed assault of a family or household member.

    3.    <u>Conclusion</u>

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

## **RECOMMENDATION**

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## **CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained

the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

    SIGNED this 17th day of November, 2016.

                                                      _____
                                                      ANDREW W. AUSTIN
                                                      UNITED STATES MAGISTRATE JUDGE